## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK
## BUFFALO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) )  Civil Action No.: |
| Plaintiff, | ) ) |
| v. | ) ) **COMPLAINT** |
| | )  Jury Trial Demanded |
| BOXWOOD HOTELS, LLC, | ) |
| d/b/a Holiday Inn Express, | ) |
| SANDALWOOD HOTELS, LLC, | ) |
| d/b/a Hampton Inn & Suites, | ) |
| STAR HOTELS, LLC, | ) |
| d/b/a La Quinta Inn, | ) |
| BRADFORD HOTEL LLC, | ) |
| d/b/a Holiday Inn Express Bradford, | ) |
| HAMBURG HOTEL LLC, | ) |
| d/b/a Holiday Inn Express & Suites, | ) |
| HAMBURG LODGING INC., | ) |
| d/b/a Hampton Inn Buffalo-Hamburg, | ) |
| FALLS HOTEL LLC, | ) |
| d/b/a Hampton Inn Niagara Falls/Blvd, and | ) |
| ROSEWOOD HOTELS LLC, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (transgender) and to provide appropriate relief to Charging Party Dylan Bringuel. As alleged with greater particularity below, the Equal Employment Opportunity Commission (the "Commission" or the "EEOC") alleges that Defendants, Boxwood Hotels, LLC, d/b/a Holiday Inn Express, Sandalwood Hotels, LLC, d/b/a Hampton Inn & Suites, Star Hotels, LLC, d/b/a La Quinta Inn,

Bradford Hotel LLC, d/b/a Holiday Inn Express Bradford, Hamburg Hotel LLC, d/b/a Holiday Inn Express & Suites, Hamburg Lodging Inc., d/b/a Hampton Inn Buffalo-Hamburg, Falls Hotel LLC, d/b/a Hampton Inn Niagara Falls/Blvd, and Rosewood Hotels LLC ("Defendants"), which operate hotels in Western New York and northern Pennsylvania, violated Title VII by subjecting Bringuel to sex discrimination and retaliation by creating and maintaining a hostile work environment because of Bringuel's transgender status, and by terminating or, in the alternative, constructively discharging Bringuel in retaliation for opposing and complaining about the harassment.  As explained in detail below, Bringuel's supervisor subjected Bringuel to slurs, anti-transgender statements, and misgendering.  After Bringuel complained, Defendants' managers laughed about the statements and, ultimately, told Bringuel they[1] were not the right fit for the job and ended Bringuel's employment.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

---

[1] Bringuel uses they/them and he/him pronouns but prefers they/them.  Those pronouns will be used to refer to Bringuel throughout.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Boxwood Hotels, LLC, d/b/a Holiday Inn Express ("Boxwood"), a New York limited liability company, has continuously been doing business in the State of New York and the City of Jamestown.

5.      At all relevant times, Defendant Boxwood continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6.      At all relevant times, Defendant Sandalwood Hotels, LLC, d/b/a Hampton Inn & Suites, a New York limited liability company, has continuously been doing business in the State of New York and the City of Jamestown.

7.      At all relevant times, Defendant Sandalwood Hotels, LLC, d/b/a Hampton Inn & Suites, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8.      At all relevant times, Defendant Star Hotels, LLC, d/b/a La Quinta Inn, a New York limited liability company, has continuously been doing business in the State of New York and the City of Jamestown.

9.      At all relevant times, Defendant Star Hotels, LLC, d/b/a La Quinta Inn, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

10.     At all relevant times, Defendant Bradford Hotel LLC, d/b/a Holiday Inn Express Bradford, a Pennsylvania limited liability company, has continuously been doing business in the State of Pennsylvania and the City of Bradford.

11.     At all relevant times, Defendant Bradford Hotel LLC, d/b/a Holiday Inn Express Bradford, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

12.     At all relevant times, Defendant Hamburg Hotel LLC, d/b/a Holiday Inn Express & Suites, a New York limited liability company, has continuously been doing business in the State of New York and the Town of Hamburg.

13.     At all relevant times, Defendant Hamburg Hotel LLC, d/b/a Holiday Inn Express & Suites, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

14.     At all relevant times, Defendant Hamburg Lodging Inc., d/b/a Hampton Inn Buffalo-Hamburg, a New York corporation, has continuously been doing business in the State of New York, and the Town of Hamburg.

15.     At all relevant times, Defendant Hamburg Lodging Inc., d/b/a Hampton Inn Buffalo-Hamburg, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

16.     At all relevant times, Defendant Falls Hotel LLC, d/b/a Hampton Inn Niagara Falls/Blvd, a New York limited liability company, has continuously been doing business in the State of New York and the City of Niagara Falls.

17.    At all relevant times, Defendant Falls Hotel LLC, d/b/a Hampton Inn Niagara Falls/Blvd, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

18.    At all relevant times, Defendant Rosewood Hotels LLC, a New York limited liability company, has continuously been doing business in the State of New York and the Town of Orchard Park.

19.    At all relevant times, Defendant Rosewood Hotels LLC, continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

20.    At all relevant times, Defendants have operated as a single employer or integrated enterprise by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations.  For example:

    a.    During the EEOC investigation, Defendants admitted Ramesh Patel and Jayesh Patel own and operate the Defendant hotels in Western New York and Bradford, Pennsylvania.

    b.    All of the Defendant entities located and operating in New York list the same business address with the New York Department of State: 3940 Southwestern Boulevard, Orchard Park, New York, 14127.

    c.    During the EEOC investigation, Defendants admitted that Rosewood Hotels LLC is the entity that employs James Burke as Director of Revenue and Expense to provide administrative services for the seven hotels owned by Ramesh Patel and Jayesh Patel.

    d.   Burke oversees administration of all Defendant hotels. Burke recruits staff, participates in annual reviews, sets hotel rates, drafts employee handbooks, and reviews price invoices.

    e.   Burke also provides advice regarding personnel issues and can terminate employees of Defendants.

    f.   A uniform Employee Handbook is used at all Defendant hotels.

    g.   Employees terminated from one Defendant hotel have been notified they are prohibited from re-hire at other Defendant hotels.

21.    Defendants collectively have continuously had well over 15 employees during the relevant time.

## ADMINISTRATIVE PROCEDURES

22.    More than thirty days prior to the institution of this lawsuit, Bringuel filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Boxwood.

23.    On January 29, 2024, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

24.    The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

25.    The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

26.    On March 4, 2024, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

27.    All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>**STATEMENT OF CLAIMS**</u>

28.    Since at least August 2022, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Bringuel to harassment and creating and failing to remedy a hostile work environment based on their transgender status.  These unlawful practices include, but are not limited to, the following:

    a.    At their job interview, which took place at Defendants' Jamestown Holiday Inn Express location in August 2022, Bringuel told Defendants' managers that they are transgender.

    b.    Defendants hired Bringuel as a housekeeper in August 2022.

    c.    On their first day of work on August 25, 2022, Bringuel introduced themselves to employees and supervisors and explained that Bringuel uses the pronouns they/them and he/him.

    d.    The Housekeeping Manager, who supervised Bringuel, was present for Bringuel's introduction and assigned Bringuel to train with another housekeeper cleaning hotel rooms.

    e.    Bringuel had only cleaned two rooms when the Housekeeping Manager spoke to the housekeeper working with Bringuel in the hallway just outside the room Bringuel was cleaning.

f.   When the housekeeper returned to the room, she appeared shocked by the
Housekeeping Manager's comments and said that Bringuel should know about the
rude and disrespectful things being said about them.

g.   The housekeeper relayed to Bringuel a number of offensive statements the
Housekeeping Manager had made about Bringuel and transgender people,
including:

i.   Referring to Bringuel as a "Transformer," a fictional robot-alien character
that can transform at will, but also a derogatory term used to demean
transgender people;[2]

ii.   Stating that there is something wrong with transgender people like
Bringuel and opining they should figure out what was wrong with
themselves before transitioning;

iii.   Saying that transgender people like Bringuel are what is wrong with
society;

iv.   Claiming that transgender people like Bringuel are what is wrong with the
mental health community; and

v.   Asserting that being transgender is why people commit suicide.

h.   Throughout the day, the Housekeeping Manager repeatedly and intentionally
misgendered and dehumanized Bringuel.  For example, standing in the doorway
of the hotel rooms in which Bringuel was working, the Housekeeping Manager

---

[2] The Transformers franchise features alien robots that are able to transform into other forms, like
cars or planes, and whose theme song is titled "More Than Meets the Eye."  *See* Wikipedia
(accessed September 16, 2024), https://en.wikipedia.org/wiki/Transformers. The term is used as
a slur against transgender individuals, *See e.g.* Urban Dictionary (accessed September 18, 2024),
https://www.urbandictionary.com/define.php?term=Transformers.&page=5.

would point to Bringuel and ask the other housekeeper about Bringuel's training, asking "How is **she** doing," and "How is **it** doing," at certain tasks.

i.   Bringuel was appalled and hurt by the Housekeeping Manager's repeated stereotypical and prejudicial comments about them and transgender people throughout the day, but continued working and completed their shift.

j.   Defendants' Employee Handbook provides that employees must report acts of harassment or discrimination to the General Manager for investigation.

k.   After Bringuel's shift ended, Bringuel reported the Housekeeping Manager's comments to the Front Office Manager and General Manager (collectively, the "Hotel Managers").

l.   Bringuel told the Hotel Managers that the comments and treatment made them feel uncomfortable and unwelcome.

m.   In response, the Hotel Managers laughed and told Bringuel that there was no way the Housekeeping Manager made those comments but, if she did, she was probably just joking.

n.   The General Manager told Bringuel she would talk with the Housekeeping Manager about the comments.

o.   The following day, the Hotel Managers told Bringuel that the Housekeeping Manager denied making the comments Bringuel reported and told Bringuel that the Housekeeping Manager needed more time to get used to working with someone who is transgender.

p.  The Hotel Managers did not interview the housekeeper to whom the Housekeeping Manager made the comments about Bringuel and transgender people.

q.  At the time, the General Manager was the Housekeeping Manager's mother-in-law.

r.  Bringuel suggested to the Hotel Managers that there could be a meeting to discuss gender issues or working with a transgender coworker, but the Hotel Managers refused to discuss these issues with other employees.

s.  Bringuel was upset and dismayed at the Hotel Managers' response to their complaints and was concerned there would be nowhere to turn should future problems occur.

t.  The Hotel Managers had never received training about gender identity, how to respond to complaints of discrimination, or how to conduct an investigation.

u.  Defendants failed to prevent and then failed to take prompt and effective remedial action to remedy the unwelcome and unlawful behavior.

29.    Since at least August 2022, Defendants have engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3.  These unlawful practices include, but are not limited to, retaliating against Bringuel by discharging or, in the alternative, constructively discharging Bringuel for opposing Defendants' discriminatory conduct and for reporting the conduct to the Hotel Managers and to IHG Hotels & Resorts ("IHG").

a.  On August 25, 2022, Bringuel complained to the Hotel Managers about the Housekeeping Manager's comments and misgendering.

b.   Bringuel told the Hotel Managers that the comments and treatment made them feel uncomfortable and unwelcome.

c.   After leaving work on August 25, Bringuel contacted IHG, which Bringuel incorrectly thought was Defendants' corporate office, to complain about the Housekeeping Manager's comments.

d.   IHG, who licenses Boxwood's franchise, advised Bringuel that the franchise location, not IHG, handles such complaints.

e.   Bringuel reported for work at the Holiday Inn Express in Jamestown the next day, August 26, 2022.

f.   Upon arriving, Bringuel was asked to meet with the Hotel Managers.

g.   The Hotel Managers told Bringuel that the Housekeeping Manager denied making the comments Bringuel reported and that the Housekeeping Manager needed more time to get used to working with someone who is transgender.

h.   The Hotel Managers did not interview the employee to whom the Housekeeping Manager made the comments about Bringuel.

i.   The General Manager also raised Bringuel's call to IHG, saying that it was unfair of Bringuel to call corporate.

j.   The General Manager then contacted James Burke, who advises Defendants on management decisions, including personnel issues.

k.   Burke advised the General Manager to tell Bringuel that this job may not be a good fit for either of them.

l.   The General Manager then told Bringuel that maybe this job was not a good fit for Bringuel, and that maybe Bringuel would prefer not to work for Defendants.

m.  When Bringuel asked Defendants to reconsider, the General Manager told
Bringuel their services were no longer needed.

n.  Bringuel took off their uniform shirt and returned it, and neither of the Hotel
Managers told Bringuel to come back to work the next day.

o.  Bringuel understood they had been fired.

p.  Bringuel never worked for Defendants again.

q.  Bringuel received a letter dated that same day, August 26, 2022, stating that
Bringuel's last day of employment with Defendants was August 26, 2022, and that
they were not eligible for employment at Boxwood or two other Defendant hotels
in Jamestown, New York.

r.  Within one day of Bringuel's complaints about the harassment, Defendants ended
Bringuel's employment.

30.    Since at least 2022, Defendants have failed, in violation of Section 709(c) of Title
VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of
whether unlawful employment practices have been or are being committed.  Specifically,
Defendant promptly destroyed the applications of unsuccessful applicants and all interview
notes, thus failing to maintain applicant records for the time required by Title VII.

31.    The unlawful employment practices complained of in paragraphs 28-30 above
were intentional.

32.    The unlawful employment practices complained of in paragraphs 28-30 above
were done with malice or with reckless indifference to Bringuel's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, attorneys, and all persons in active concert or participation with them, from creating or maintaining a work environment that is hostile to transgender employees.

B.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, attorneys, and all persons in active concert or participation with them, from creating or maintaining a work environment that is retaliatory to employees opposing or reporting discrimination.

C.      Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for transgender employees and that eradicate the effects of their past and present unlawful employment practices.

D.      Order Defendants to make Bringuel whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Bringuel.

E.      Order Defendants to make Bringuel whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 28-30 above, in amounts to be determined at trial.

F.      Order Defendant to make Bringuel whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 28-30 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

G.      Order Defendants to award punitive damages to Bringuel for their malicious and reckless conduct, as described in paragraphs 28-30 above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public

interest.

I.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: September 25, 2024                         Respectfully Submitted,
New York, New York

                                                 KARLA GILBRIDE
                                                 General Counsel

                                                 CHRISTOPHER LAGE
                                                 Deputy General Counsel

                                                 U.S. EQUAL EMPLOYMENT
                                                 OPPORTUNITY COMMISSION
                                                 131 M. Street, N.E.
                                                 Washington, D.C. 20507

                                                 KIMBERLY CRUZ
                                                 Regional Attorney

                                                 U.S. EQUAL EMPLOYMENT
                                                 OPPORTUNITY COMMISSION
                                                 New York District Office
                                                 33 Whitehall Street, Fl. 5
                                                 New York, NY 10004
                                                 (929) 506-5284

                                                 */s/ Caitlin O'Neil*
                                                 CAITLIN O'NEIL
                                                 Trial Attorney

                                                 U.S. EQUAL EMPLOYMENT
                                                 OPPORTUNITY COMMISSION
                                                 Buffalo Local Office
                                                 300 Pearl Street, Suite 450
                                                 Buffalo, New York 14202
                                                 caitlin.oneil@eeoc.gov